**A.W. HOWE, On Behalf of Himself and All Others Similarly Situated, Plaintiff,**

v.

**The READER'S DIGEST ASSOCIA- TION, INC. and Dial Adjustment Bureau, Inc., Defendants.**

No. 87 Civ. 2481 (MBM).

United States District Court, S.D. New York.

May 27, 1988.

462

Kenneth A. Jacobsen, Greenfield & Chimicles, Haverford, Pa., for plaintiff.

David O. Wright, Stern, Zauderer, Ellenhorn, Frischer & Sharp, New York City, for defendant Reader's Digest.

Arthur R. Lehman, Lehman & Gikow, New York City, for defendant Dial Adjustment Bureau.

## OPINION AND ORDER

MUKASEY, District Judge.

Defendants Reader's Digest Association, Inc. and Dial Adjustment Bureau, Inc. have moved pursuant to Rules 9(b) and 12(b), Fed.R.Civ.P., to dismiss plaintiff A.W. Howe's complaint for failure to plead fraud with particularity and for failure to state a claim on which relief can be granted. By order dated November 19, 1987, pursuant to Rule 12(b), Fed.R.Civ.P., Judge John M. Walker, Jr. converted defendants' motion into one for summary judgment under Rule 56, Fed.R.Civ.P., and invited the parties to submit affidavits and other documentation. For the reasons set forth below, defendants' motion for summary judgment is granted.

### I.

In this action, which purports to be a class action,[1] plaintiff alleges that defendants engaged in a fraudulent scheme to sell subscriptions to Reader's Digest magazine by entering subscriptions for people who had not ordered them and then billing those people for the subscriptions. The sole basis for plaintiff's allegations is plaintiff's receipt of a Reader's Digest subscription

---

1. Although this purports to be a class action, plaintiff has not yet moved for class certification. Dismissal of this action is binding only on plaintiff A.W. Howe, and has only precedential effect on other putative class members. *Manual for Complex Litigation, Second* § 30.11 at 209 (1985). Consideration of this dispositive motion prior to consideration of class certification is appropriate in this case because the defendants are clearly entitled to summary judgment under Rule 56, Fed.R.Civ.P. *See id.* at 210.

solicitation in December 1985, which he claims he ignored, and his receipt of a letter from Dial in July 1986 stating that he owed $9.99 for a Reader's Digest subscription. The letter, dated July 23, 1986, stated in pertinent part that "[w]e did not hear from you, so we must assume you ordered a Reader's Digest subscription. The responsibility to resolve this account is yours. A payment for $9.99 is all we need to resolve your account. Do not delay." Enclosed with the letter was an invoice and a printed statement (the "validation notice") which read:

> In accordance with the stipulations of the Fair Debt Collection Practices Act, we inform you that:
>
> ... unless the consumer, within thirty days after receipt of the initial notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> ... if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;
>
> ... upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff claims that after receiving this letter he made a long distance telephone call to his wife who was vacationing in Nantucket to ask whether she had subscribed to Reader's Digest and she replied that she had not. Plaintiff also claims that he telephoned directory information in an unsuccessful attempt to locate Dial, and telephoned several Better Business Bureaus. Plaintiff claims further that he called the director of public relations at Reader's Digest, told him that he had never ordered the magazine and asked for an explanation of how his name had been turned over to a collection agency.

Plaintiff never sent any money to Reader's Digest or Dial, and received no further goods or communications from Reader's Digest or Dial after the July 23, 1986 letter.

In support of its motion for summary judgment, Reader's Digest submitted the affidavits of Francis G. Ronnenberg, its Vice President and Data Processing Director, and Armand Salomone, an auditor employed by the Audit Bureau of Circulations, the independent auditing agency which Reader's Digest employs to audit the accuracy of its subscriber information, describing the extensive measures taken to verify the accuracy of Reader's Digest's subscription and billing records and to monitor its operating procedures.

Reader's Digest claims that in December 1985, it conducted a home-delivery promotion in which it sent solicitation materials to 20,500,000 people, including the plaintiff. It claims that its records show that plaintiff mailed back the envelope marked "YES" (indicating a wish to subscribe), and that it sent him several issues of the magazine and a series of six invoices over the next few months. It received no response from plaintiff regarding the invoices or the subscription and, pursuant to its collection procedure, it turned over plaintiff's account to Dial, one of several agencies it contracts with for bill collection. Ronnenberg avers that Reader's Digest and Dial have no agency or employment relationship.

In support of its motion to dismiss and for summary judgment, Dial submitted the affidavit of Patricia Dwyer, its Account Manager, and two affidavits of Nancy Swan, its Secretary and Treasurer. Dwyer avers that Dial followed its standard collection procedure with respect to plaintiff's account and sent him two letters. Plaintiff claims he did not receive the first letter.[2]

---

2. The first letter stated: "Collection of your READER'S DIGEST Magazine account has been referred to this office for immediate action. Several months ago you received a magazine offer from READER'S DIGEST. You responded by ordering a subscription. When you did this three things happened; (sic)

   1. A subscription on credit was entered;

After sending the second letter dated July 23, 1986, which plaintiff acknowledges receiving, Dial took no further action with respect to plaintiff's account. Plaintiff did not contact Dial at any time to dispute the bill.

Swan avers that Dial is not a credit reporting agency, and does not turn over information from its files to any credit reporting agency. In addition, she avers that Dial has no role in soliciting subscriptions for Reader's Digest.

In opposition to defendants' motion for summary judgment, plaintiff has submitted voluminous documents consisting almost entirely of consumer complaints against Reader's Digest and Dial which, plaintiff contends, demonstrate that Dial's July 23 letter was part of a scheme undertaken by Reader's Digest and Dial to defraud the public into purchasing subscriptions to Reader's Digest. On a motion for summary judgment, the Court may consider only evidence which would be admissible at trial. Rule 56(e), Fed.R.Civ.P.; *see, e.g., Nadler v. Baybank Merrimack Valley, N.A.*, 733 F.2d 182, 184 (1st Cir.1984); *Sires v. Luke*, 544 F.Supp. 1155, 1160 (S.D.Ga.1982). For the reasons set forth below, the documents submitted by plaintiff are inadmissible on this motion.

■ Plaintiff has submitted approximately 45 complaints filed with various bureaus of consumer affairs nationwide against either Reader's Digest, Dial or Dialamerica, an affiliate of Dial which is not a defendant in this action and which is not claimed to have participated in the alleged scheme. Not only are these documents inadmissible because they constitute hearsay, they also must be excluded on grounds of relevance. Plaintiff has not established that any of the approximately 23 complaints against Reader's Digest related to the December 1985 subscription solicitation at issue. Indeed, only seven appear even to have involved magazine subscriptions; of these seven, one involved a misunderstanding concerning the correct name and address of a subscriber, and another was simply a request that a subscription be terminated because the subscriber had died. But, most important, none of the complaints against Reader's Digest involve Dial, and none of the complaints against Dial involve Reader's Digest. Thus, none of the complaints are probative of the alleged scheme of Reader's Digest and Dial to defraud the public into paying for subscriptions to the magazine.[3]

■ Plaintiff has submitted also the affidavit of Robert D. Segal, Esq., formerly associated with counsel for plaintiff, who claims to have telephoned Dialamerica and spoken to an employee who advised him that Dialamerica sales representatives solicit magazine subscriptions by telephone, and that because they are paid on a per subscription basis, they sometimes falsely indicate that subscriptions have been ordered. This evidence also is inadmissible on relevance grounds insofar as it involves Dialamerica, not defendant Dial, and because it relates to magazine subscription solicitations conducted by Dialamerica, and thus appears to have nothing to do with the Reader's Digest December 1985 subscription solicitation drive.[4]

---

2. Three copies of READER'S DIGEST were sent to your address;
3. You incurred a responsibility to pay this bill;
If this is what you intended, then we feel you owe $9.99. If you do not feel that you should pay this debt, write on the back of the bill why this debt is not your responsibility. Let's resolve this account today."
Included with this letter was the validation notice pursuant to the Fair Debt Collection Practices Act which was also included in the July 23 letter to plaintiff.

3. In addition, plaintiff has submitted an exhibit which purports to be a summary of 30 complaints against Dial and Dialamerica filed with the Bergen County (New Jersey) Office of Consumer Affairs during the years 1982 through 1986. This document is also inadmissible, not only because the underlying complaints are hearsay, but again, because there is no indication that the complaints involve Reader's Digest, and thus the information is not relevant to the scheme alleged in the complaint.

4. Reader's Digest submitted an affidavit stating that it engaged in no telephone solicitation in connection with the December 1985 subscription drive, and Dial submitted an affidavit stating that it did not participate in subscription

■ The Segal affidavit is inadmissible for the further reason that it constitutes hearsay. Swan avers that the Dialamerica employee with whom Segal spoke was not a sales representative, but a clerical employee with no responsibility or training in responding to billing inquiries. Accordingly, the employee's statements were not made within the scope of her employment and therefore are not admissible under Fed.R.Evid. 801(d)(2)(D) which excludes from hearsay those statements made by a party's "agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." *Litton Systems, Inc. v. American Telephone and Telegraph Co.,* 700 F.2d 785, 816–17 (2d Cir.1983); 4 J. Weinstein & M. Berger, *Weinstein's Evidence* 801–221–22 (1987).

Finally, plaintiff has submitted a chart summarizing information set forth in the Statement of Circulation allegedly published by Reader's Digest. The chart purports to show that the "average number of copies of each issue" during successive 12 month periods has fallen from 17,120,995 in 1983 to 15,845,590 in 1987. The chart does not indicate whether these figures reflect the total sold by subscription only, or the total of all sales. In any event, without deciding whether the chart would be admissible at trial with proper authentication, it is at best only marginally probative of the subject for which it is offered, namely, Reader's Digest's purported motive for engaging in the alleged scheme.

## II.

The complaint charges defendants with violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (Count I), the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.* (Count II), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Count III), the New York General Business Law, §§ 601, 349 and 396(2)(a) (Counts IV, V and VI, respectively), and with common law fraud (Count VII). I will address these counts in turn.

Summary judgment should be granted when there is no unresolved factual dispute as to any issue material to the outcome of the litigation. *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Where the moving party has made a properly supported motion, the opposing party cannot rely on the allegations in his pleadings, but must demonstrate specific facts showing that there are genuine issues of material fact to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

*The RICO Claim* (Count I)

■ Count I of the complaint charges defendants with violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* Section 1964c of Title 18 provides that a party may bring a civil action under the RICO statute to recover for "injur[y] in his business or property." A party cannot recover for personal injury under RICO. *Drake v. B.F. Goodrich Co.,* 782 F.2d 638, 644 (6th Cir.1986); *Von Bulow v. Von Bulow,* 634 F.Supp. 1284, 1308–09 (S.D.N.Y.1986).

■ Here it is undisputed that the plaintiff has sustained no injury in his business or property by reason of the defendants' alleged misconduct. He never paid any money to Reader's Digest or Dial for the magazine subscription. His name was never reported to any credit rating agency and accordingly he suffered no harm to his credit status. The only inconvenience to which the plaintiff claims to have been put as a result of defendants' conduct was the making of several telephone calls, including one to his wife who was vacationing in Nantucket to ask whether she had ordered a Reader's Digest subscription. Curiously, the plaintiff does not claim to have incurred any out-of-pocket expense in making these calls, but even if he had, such *de minimis* expenses do not amount to injury "in business or property" cognizable under 18 U.S.C. § 1964(c). Because the plaintiff has sustained no injury in his business or property, he has no standing to pursue a

solicitation on behalf of Reader's Digest, but

only in the collection of unpaid accounts.

RICO claim. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Accordingly, summary judgment is granted dismissing Count I of the complaint.

### *The Postal Reorganization Act Claim* (Count II)

■ Count II of the complaint seeks damages and injunctive relief under Sections 3001(d), 3005 and 3009 of the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.,* which sections relate to the mailing of certain materials. Because there is no private right of action under these sections for damages or injunctive relief, Count II is dismissed.

Section 3001(d) provides in pertinent part that "Matter otherwise legally acceptable in the mails which—(1) is in the form of, and reasonably could be interpreted or construed as, a bill, invoice, or statement of account due; but (2) constitutes, in fact, a solicitation for the order by the addressee of goods or services, or both; is nonmailable matter, shall not be carried or delivered by mail, and shall be disposed of as the Postal Service directs, unless such matter bears on its face, in conspicuous and legible type ... the following notice: 'This is a solicitation for the order of goods or services, or both, and not a bill, invoice, or statement of account due. You are under no obligation to make any payments on account of this offer unless you accept this offer....' "

Section 3005, involving persons engaged in schemes to obtain money through the mail by means of false representations, provides that the Postal Service may issue orders "direct[ing] the postmaster of the post office at which mail arrives, addressed to such a person or to his representative," to take actions in connection with the activities covered by that section. Section 3009

involves the mailing of unordered merchandise and provides that recipients of such merchandise may keep it without incurring any obligation to the sender.

Plaintiff urges the Court to infer a private right of action for damages and injunctive relief under Sections 3001(d), 3005 and 3009 [5] of the Postal Reorganization Act. I refuse even to consider inferring such a private right of action in this case because plaintiff has failed to demonstrate that he suffered any damages or that the objectionable conduct is continuing such as to warrant injunctive relief.

Accordingly, summary judgment is granted dismissing Count II under the Postal Reorganization Act.

### *The Fair Debt Collection Practices Act Claim* (Count III)

■ Count III of the complaint seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* which regulates the activities of debt collectors. Summary judgment dismissing Count III must be granted as against Reader's Digest because it is undisputed that Reader's Digest did not take part in the debt collection activity which plaintiff alleges violated the Act, but simply provided Dial with a list of allegedly unpaid accounts, including plaintiff's, for collection.

■ In addition, there is no disputed issue of fact as to whether Reader's Digest is a debt collector within the meaning of the Act. Section 1692a(6) defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Plaintiff does not contend that Read-

---

**5.** The Ninth Circuit has inferred a limited private right of action under Section 3009, holding that "[i]n order to protect fully the recipient's rights he must be able to bring suit to obtain a judicial declaration of those rights and, when necessary, to secure restitutionary relief." *Kipperman v. Academy Life Insurance Co.,* 554 F.2d 377, 380 (9th Cir.1977). In *Kipperman,* plaintiff sought a declaratory judgment that an unsolic- ited insurance policy constituted "merchandise" within the meaning of the statute. The *Kipperman* court specifically rejected plaintiff's claim that a private right of action could be maintained under the statute for injunctive relief, stating that "[i]njunctive relief, however, possibly would interfere with the Federal Trade Commission's power to enforce section 3009." *Id.*

er's Digest ever undertook to collect debts owed to third parties, and thus Reader's Digest is not a debt collector under the Act.[6]

Nor is there any basis for imposing liability on Reader's Digest under the Fair Debt Collection Practices Act on the grounds of agency or *respondeat superior*. Plaintiff has failed to adduce any evidence of any agency or employment relationship between Reader's Digest and Dial. Accordingly, summary judgment is granted dismissing plaintiff's claims against Reader's Digest under the Fair Debt Collection Practices Act.

■ Summary judgment is also granted dismissing Count III against defendant Dial. Plaintiff alleges that Dial's July 23, 1986 letter violated three sections of the Fair Debt Collection Practices Act, 15 U.S. C. §§ 1692d, 1692e, and 1692f. Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

Section 1692k(c) of the Act provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Although plaintiff has conclusorily alleged that Dial knew that he had not ordered a Reader's Digest subscription, he has failed to adduce any evidence refuting the affidavits of Patricia Dwyer, Nancy Swan, Francis Ronnenberg

and Armand Salomone which demonstrate that Dial and Reader's Digest maintain extensive systems and procedures designed to prevent billing errors, and that Dial reasonably relied on the accuracy of the information provided to it by Reader's Digest regarding unpaid bills. Accordingly, summary judgment is granted dismissing the claims against Dial under the Fair Debt Collection Practices Act.

### III.

■ Having granted summary judgment dismissing all of plaintiff's federal claims, I must dismiss plaintiff's pendent state law claims because there is no federal jurisdiction over them.

I reject plaintiff's claim that there is diversity jurisdiction over the state law claims. Plaintiff did not plead the existence of diversity jurisdiction in his complaint. However, even if plaintiff had properly pleaded diversity jurisdiction, there is no such jurisdiction here because plaintiff cannot meet the requirement that the dispute involve at least $10,000. Plaintiff apparently concedes that he cannot meet this requirement with respect to Counts III through VI, but claims that the requirement may be satisfied by his punitive damages claim under Count VII, the common law fraud claim. However, as discussed below, plaintiff has failed to demonstrate the existence of any disputed fact issue with regard to his fraud claim, and accordingly, that claim must also be dismissed.

■ To set forth a claim for common law fraud, plaintiff must establish that defendant made a misrepresentation of a material fact, that the defendant knowingly made the misrepresentation, that plaintiff relied on the misrepresentation to his detriment and suffered injury as a result. *Hong Kong Export Credit Insurance Corp. v. Dun & Bradstreet*, 414 F.Supp. 153, 158 (S.D.N.Y.1975).

---

**6.** I find meritless plaintiff's argument that Reader's Digest is a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect cash debts" and therefore comes within the statutory definition of a debt collector under Section 1692a(6). It is undisputed that Reader's Digest was not engaged in collecting its own debts, but that it contracted with Dial for the collection of the debt allegedly owed by plaintiff.

Plaintiff has failed to demonstrate that there is a genuine issue of material fact as to any element of the fraud claim. First, the undisputed facts demonstrate that defendants made no misrepresentation to plaintiff. Dial simply sent plaintiff a letter indicating that "we did not hear from you so we must assume you ordered a Reader's Digest subscription." [7] By no stretch of the imagination can this statement be construed as plaintiff urges, as an affirmative misstatement of fact that plaintiff had ordered the magazine. Rather, the statement is an explicit declaration of assumption based on plaintiff's failure to communicate with the bill collector. Moreover, Dial's inclusion of the validation notice required under the Fair Debt Collection Practices Act was sufficient to notify plaintiff of his right to dispute the bill and thus dispelled any possible confusion that the letter might have engendered.

In addition, the plaintiff does not claim to have relied on the alleged misrepresentation. Indeed, he could hardly have been misled by the statement insofar as it related entirely to facts within his own knowledge, namely, whether he had ordered a subscription to Reader's Digest. To the contrary, he called Reader's Digest to complain about the bill and never paid any money to Reader's Digest or Dial.

Plaintiff has also failed to adduce any evidence that defendants knew that he had not ordered the subscription. Apart from his conclusory allegations of *scienter*, plaintiff has offered no evidence refuting defendants' averments that they had no knowledge or reason to believe that plaintiff had not ordered the subscription.

Finally, as discussed above in connection with the RICO claim, plaintiff does not allege that he suffered any injury as a result of the defendants' alleged fraud insofar as he paid no money and his credit rating was not affected. Accordingly, summary judgment is granted dismissing Count VII, plaintiff's common law fraud claim, and Counts IV, V and VI are dismissed for lack of jurisdiction.

## IV.

Plaintiff requests a continuance pursuant to Rule 56(f), Fed.R.Civ.P., to take discovery concerning the annual turnover rate of Reader's Digest subscriptions. Plaintiff claims to have been advised that the turnover rate is "extremely high," and that it may thus "bear on defendant's motive for engaging in the practices alleged" in his complaint. This request for a denial of summary judgment pending further discovery is denied. It is well established that a plaintiff cannot defeat a motion for summary judgment by "merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover.... Something more than a fanciful allegation is required to justify denying a motion for summary judgment when the moving party has met its burden of demonstrating the absence of any genuine issue of material fact." *Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97, 107 (2d Cir.1981) (citations omitted). The plaintiff has failed to offer any evidence tending to show that defendants' conduct was not simply the result of a billing error. On this record I find no reason for permitting plaintiff to conduct discovery which "would not be directed at filling a specific evidentiary gap, but rather would consist of blind groping, undertaken in the hope of finding something to which [his] suit could be anchored." *Searer v. West Michigan Telecasters, Inc.*, 381 F.Supp. 634, 643 (W.D.Mich.1974), *aff'd mem.*, 524 F.2d 1406 (6th Cir.1975).

For the foregoing reasons, summary judgment is granted in favor of defendants Reader's Digest and Dial Adjustment dismissing the complaint in its entirety.

SO ORDERED.

---

**7.** As noted above, Dial claims that it mailed two letters to plaintiff, but plaintiff claims that he only received the second letter. I do not deem this to be a material factual dispute because defendants would be entitled to summary judgment even if Dial in fact only sent the second letter.