**Sylvia DUCREST**

v.

**ALCO COLLECTIONS, INC.**

No. 95–1708–A.

United States District Court,
M.D. Louisiana.

July 9, 1996.

Garth J. Ridge, Bivens & Ridge, Baton Rouge, Louisiana, for Plaintiff.

Charles E. Daspit, Shoemaker, Lazarre, Daspit & Blackwell, Baton Rouge, Louisiana, for Defendant.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

JOHN V. PARKER, Chief Judge.

This matter is before the court on cross motions for summary judgment. Defendant filed a motion for summary judgment and plaintiff filed a motion for partial summary judgment. Defendant has filed an opposition to plaintiff's motion and a supplemental statement of material facts and memorandum supporting its motion. Plaintiff has filed an opposition to defendant's motion. Jurisdiction is based on 28 U.S.C. § 1331.

## BACKGROUND

The plaintiff instituted this action against the defendant alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Plaintiff specifically alleges that defendant violated sections 1692e(2)(A), 1692f(1), and 1692g(b) of the FDCPA by sending a demand letter to plaintiff which demanded payment of charges which were not expressly agreed upon between the parties or permitted by law and because the letter included false, deceptive, or misleading representations regarding the amount of the debt owed. Plaintiff also claims that defendant failed to obtain and provide plaintiff with adequate verification of the debt before attempting to collect the debt after plaintiff informed defendant that the debt was disputed. Plaintiff moves for partial summary judgment, claiming that there are no genuine issues of material fact and that as a matter of law, defendant is liable for violating the FDCPA.

Defendant moves for summary judgment in its favor arguing that there are no genuine issues of material fact and that it did not violate the FDCPA as a matter of law. Defendant claims that the demand letter did not include any false, deceptive, or misleading representations as to the amount of the debt and that all of the enumerated charges were due and owing. Defendant also argues that even if the charges were not due, to prove a

violation of the act, plaintiff must show that the defendant intentionally demanded amounts which it knew were not due.

The undisputed facts are fairly simple. Defendant, Alco Collections, Inc., is wholly owned by James Allen. Allen personally handles the correspondence with debtors, verification of debts disputed by debtors, and reporting debts to the credit bureau of Baton Rouge. In September of 1994, Allen mailed plaintiff a letter demanding $390.00 for payment of a debt allegedly owed to Broadmoor Plantation Apartments for various charges assessed against her after she moved out from the apartment she had leased. This included charges for termite damage, a pet deposit, lost keys, and cleaning the apartment. Plaintiff wrote defendant a letter which stated that she disputed the validity of this debt, challenging several of the specific charges assessed by Broadmoor Plantation Apartments. In response to plaintiff's letter, Alco sent plaintiff a copy of her lease, and a "security deposit transmittal" which enumerated the charges assessed by Broadmoor Plantation Apartments against plaintiff.

Plaintiff claims that by demanding payment for charges which are not due under the lease, specifically the pet deposit, defendant has violated the FDCPA. Defendant argues that the pet deposit was due and that it is entitled to rely on the representations of its client, the creditor, in demanding payment of the debt. Thus, the central issue before the court is whether the defendant in this case could be liable under the FDCPA where it has relied on the representations of its client, a purported creditor, as to the amount and validity of a debt owed to that creditor.

## DISCUSSION

### Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law."[1] The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the nonmoving party's case.[2] After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial.

### The Fair Debt Collection Practices Act

Congress passed the Fair Debt Collection Practices Act because of abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors, and because of its perception that the existing laws were not adequate to protect consumers.[3] The FDCPA establishes a private enforcement system by providing for private causes of action. Plaintiff alleges that the defendants violated §§ 1692e(2)(A), 1692f(1), and 1692g(b) of the FDCPA.

There is very little Fifth Circuit jurisprudence interpreting the FDCPA, and no Fifth Circuit jurisprudence known to the court interpreting or applying the provisions of the FDCPA at issue.

Section 1692e generally prohibits debt collectors from using false, deceptive, or misleading representations or means in connection with collecting any debt. Section 1692e(2)(A) specifies that falsely representing the character, amount, or legal status of any debt is a violation of the act. Section 1692f(1) prohibits a debt collector from using "unfair or unconscionable" means to collect a debt, and specifies that collecting an amount which is not expressly authorized in the agreement creating the debt or permitted by law is a violation of the act. Section 1692g(b) says that where a consumer alerts the debt collector that the debt is disputed, the debt collector should stop attempting to collect the debt until the debt collector obtains verification of the debt.

The parties both focus their arguments on whether the specific amounts de-

---

1. FED.R.CIV.P. 56(c)

2. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

3. 15 U.S.C. §§ 1692(a) and (b).

manded by defendant were due, particularly the pet deposit. Plaintiff asks the court to rule that as a matter of law, the lease entered into between the plaintiff and the Broadmoor Plantation Apartments provided that she would never owe a pet deposit. Defendant disagrees with this interpretation and reads the lease only to say that at the inception of the lease plaintiff did not owe a pet deposit because she did not have a pet at that time. For purposes of these motions, however, judicial interpretation of that section of the lease is not necessary. The Ninth Circuit illustrated this in *Baker v. G.C. Services Corp.*,[4] saying, "[t]he act (FDCPA) is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." The basis of plaintiff's claim under the FDCPA should be that defendant has acted unscrupulously in attempting to collect a debt, not that the debt collector is attempting to collect a debt she doesn't owe. The validity of the debt would only be at issue if this were a suit by defendant to collect the debt. The focus of this inquiry is on the debt collector's conduct.

Remembering the object of the FDCPA, and reading it as a whole, to state a claim under § 1692e(2), plaintiff would have to show that defendant knowingly misrepresented the character, amount, or legal status of the debt.[5] The language "false representation of the character, amount, or legal status of any debt" in § 1692e(2)(A) must be read in conjunction with what it defines—a "false, deceptive, or misleading representation." These terms clearly contemplate a knowing and intentional act.[6] It is undisputed that defendant relied on the information provided to it by Broadmoor Plantation Apartments in demanding payment of this debt. Plaintiff's claim under this section of the FDCPA has no merit because she has not shown that any misrepresentation of the amount of the debt claimed was knowing or intentional.

Similarly, to state a claim under § 1692f(1) plaintiff would have to show that defendant was knowingly attempting to collect a charge not authorized by the lease and not permitted by law. A debt collector should be able to rely on the representation and implied warranty from its client that the amount was due under either the lease or the law.[7] The FDCPA does not require an independent investigation of the information provided by clients when a debt collector tries to collect a debt,[8] nor does it require the debt collector to dispute the creditor's construction of a contract.

Plaintiff claims that defendant violated § 1692g(b) of the act because defendant did not properly verify the debt before resuming its collection activity when the plaintiff informed defendant that she disputed the debt. Because the court finds that defendant may rely on representations made by its clients and that defendant did not have any duty to independently investigate the claims presented by its clients, the court finds no merit in this claim. The lease and the security deposit transmittal sufficiently verified this debt to the defendant. As defendant points out, § 1692g(b) only requires the debt collector to obtain verification of the debt, and this verification would necessarily come from the creditor.

## CONCLUSION

Defendant has shown that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. It is undisputed that the entire debt claimed by the defendant was included in the statement of the account delivered to defendant by original creditor, Broadmoor Plantation Apartments. Such inclusion constitutes a representation by the creditor that the item was due and owing. Plaintiff does not allege and has not presented any evidence that

4. 677 F.2d 775, 777 (9th Cir.1982).

5. *Hubbard v. National Bond and Collection Associates, Inc.*, 126 B.R. 422 (D.Del.1991), aff. 947 F.2d 935 (3d Cir.1991).

6. *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 392 (D.Del.1991).

7. *Howe v. Reader's Digest Ass'n, Inc.*, 686 F.Supp. 461, 467 (S.D.N.Y.1988).

8. *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1032 (6th Cir.1992).

defendant knowingly and intentionally misrepresented the amount of the debt due or knowingly and intentionally claimed an amount it knew was not provided by the lease or permitted by law.[9] Defendant has shown that it obtained and transmitted verification of the debt to plaintiff as required by the FDCPA. Therefore, defendant's motion for summary judgment is hereby GRANTED. Plaintiff's motion for partial summary judgment is hereby DENIED and this action will be dismissed.

---

9. The court need not decide whether reliance upon representations made by a creditor should be reasonable. This is not an issue in this case since plaintiff does not claim that defendant unreasonably relied upon the representations made by Broadmoor Plantation Apartments.