■ ELIZABETH SOTOMAYOR, Appellant, v KAUFMAN, MALCHMAN, KIRBY & SQUIRE, L. L. P., et al., Respondents. [675 NYS2d 894] —In an action, *inter alia,* to recover damages based upon discrimination, the plaintiff appeals from an order of the Supreme Court, Richmond County (Mastro, J.), dated June 11, 1997, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss a complaint for failure to state a cause of action (*see,* CPLR 3211 [a] [7]), the pleadings must be liberally construed (*see,* CPLR 3026). The sole criteria is whether "from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginsburg,* 43 NY2d 268, 275; *see also, Bovino v Village of Wappingers Falls,* 215 AD2d 619). The facts pleaded are presumed to be true and are to be accorded every favorable inference, although bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to such consideration (*see, Morone v Morone,* 50 NY2d 481; *Gertler v Goodgold,* 107 AD2d 481, *affd* 66 NY2d 946).

All of the plaintiff's causes of action were either bare legal conclusions unsupported by factual allegations or were claims not recognized in an at-will employment situation (*see, Ingle v Glamore Motor Sales,* 73 NY2d 183; *Murphy v American Home Prods. Corp.,* 58 NY2d 293). Thus, the Supreme Court properly dismissed the complaint. Bracken, J. P., Pizzuto, Altman and Luciano, JJ., concur.