OPINION OF THE COURT
Leslie E. Stein, J.
Plaintiff commenced the instant action seeking recovery in the amount of $1,000, representing statutory damages resulting from defendant’s alleged violation of the Fair Debt Collection Practices Act (15 USC § 1692f [1] [hereinafter FDCPA]). Plaintiff also seeks recovery of reasonable attorneys’ fees.
Defendant now moves to dismiss the complaint under CPLR 3211 (a) (1) and (7), and for an order imposing sanctions against plaintiff and plaintiff’s counsel pursuant to the provisions of Fair Debt Collection Practices Act (15 USC) § 1692k and of 22 NYCRR part 130; plaintiff opposes the motion and cross-moves for an order disqualifying the defendant law firm as defense counsel.
With respect to the motion to dismiss based upon documentary evidence, the court notes that CPLR 3211 (a) (1) provides as follows:
“A party may move for judgment dismissing one or more causes of action asserted against him on the ground that * * *
“a defense is founded upon documentary evidence”.
The court further notes that, in order “[t]o dismiss a cause of action based on CPLR 3211 (a) (1), defendants must show that ‘the documentary evidence that forms the basis of [this] defense must be such that it resolves all the factual issues as a matter of law and conclusively and definitively disposes of the plaintiff’s claim’ ” (Vanderminden v Vanderminden, 226 AD2d 1037, 1039 [1996] [citations omitted]).
Furthermore, with regard to what qualifies as “documentary evidence”, it is well recognized that “[t]he word apparently aims at a paper whose content is essentially undeniable and which, assuming the verity of its contents and the validity of its execution, will itself support the ground on which the mo *463 tion is based * * * Neither the affidavit nor the deposition can ordinarily qualify under such a test” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:10, at 21).
In support of its motion herein, defendant has submitted various items of what it alleges constitute “documentary evidence”, including a copy of plaintiff’s account statement from Citibank dated August 24, 1998, a copy of the Citibank Card Agreement (Agreement) and a copy of the format validation letter utilized by defendant.
Based upon the definition set forth above, this court finds that, while the first two of these items fall within the purview of what may be considered by the court as documentary evidence, the latter one fails to constitute documentary evidence within the meaning of CPLR 3211 (a) (1). More specifically, the court finds that, while a copy of the actual letter that was sent to plaintiff would constitute documentary evidence, the copy of the format letter submitted by defendant requires the court to look outside said document for information pertinent to its determination of the matter.
In light of the foregoing, the court concludes that the documentary evidence submitted fails to conclusively establish a defense to the asserted claims as a matter of law. Accordingly, defendant’s motion to dismiss pursuant to CPLR 3211 (a) (1) is hereby denied.
In conjunction with this analysis, the court turns to defendant’s motion to dismiss pursuant to CPLR 3211 (a) (7). That section provides as follows:
“A party may move for judgment dismissing one or more causes of action asserted against him on the ground that * * *
“the pleading fails to state a cause of action”.
In determining whether plaintiff has stated a cause of action, the court notes that, “[i]n considering a motion to dismiss a complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]), the pleadings must be liberally construed (see, CPLR 3026)”. (Sotomayor v Kaufman, Malchman, Kirby & Squire, 252 AD2d 554 [1998].) Furthermore, “[tjhe sole criteria is whether ‘from [the complaint’s] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law’ ” (Sotomayor v Kaufman, Malchman, Kirby & Squire, 252 AD2d 554 [1998] [citations omitted]). Additionally, “[t]he facts pleaded are presumed to be true and are to be accorded every favorable inference, although bare legal *464 conclusions as well as factual claims flatly contradicted by the record are not entitled to such consideration” (Sotomayor v Kaufman, Malchman, Kirby & Squire, 252 AD2d 554 [1998] [citations omitted]).
In the instant matter, the complaint alleges, in pertinent part, the following: that the creditor (Citibank) mailed a statement of account dated August 24, 1998 to plaintiff; that, pursuant to said statement, the money alleged to be due from plaintiff was due on or before September 17, 1998; that on September 10, 1998, defendant sent a validation letter to plaintiff indicating that it was representing Citibank in the collection of a debt; that said letter asserted that a debt was due from plaintiff, yet by Citibank’s own statement of account, the debt was not yet due; and that said conduct violates “Fair Debt Collections Practices Act 15 USC 1692(f)A(l) [sic]”.
The court observes that 15 USC § 1692f provides, in pertinent part, as follows:
“A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
“(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law”.
Furthermore, in Ducrest v Alco Collections (931 F Supp 459, 462 [1996]), the court, citing the Ninth Circuit’s decision in Baker v G. C. Servs. Corp. (677 F2d 775, 777 [1982]), noted that “ ‘[t]he act (FDCPA) is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists’ ”. Additionally, the court stated that “[t]he basis of plaintiff’s claim under the FDCPA should be that defendant has acted unscrupulously in attempting to collect a debt, not that the debt collector is attempting to collect a debt she doesn’t owe”, that “[t]he validity of the debt would only be at issue if this were a suit by defendant to collect the debt”, and that “[t]he focus of this inquiry is on the debt collector’s conduct”. (Ducrest v Aleo Collections, 931 F Supp, at 462.)
The court in Ducrest {supra, at 462) further stated that, “to state a claim under § 1692f(l) plaintiff would have to show that defendant was knowingly attempting to collect a charge not authorized by the lease and not permitted by law” and that *465 “[a] debt collector should be able to rely on the representation and implied warranty from its client that the amount was due under either the lease or the law” (citation omitted). The court further noted that “[t]he FDCPA does not require an independent investigation of the information provided by clients when a debt collector tries to collect a debt” (citation omitted), “nor does it require the debt collector to dispute the creditor’s construction of a contract”. (Ducrest v Alco Collections, at 462.)
Upon review of the proof submitted, and in view of the above-cited authority, the court finds that plaintiffs complaint fails to state a cause of action under 15 USC § 1692f. More specifically, the court finds that said complaint fails to allege that defendant knowingly attempted to collect a debt that was not authorized under the Agreement or permitted by law and, accordingly, the court finds that an essential element of a cause of action under said section has not been pleaded. Therefore, the defendant’s motion to dismiss pursuant to CPLR 3211 (a) (7) is hereby granted and plaintiffs complaint is dismissed.
Defendant has also moved this court for an order imposing sanctions pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 and Fair Debt Collection Practices Act (15 USC) § 1692k. In support of this motion, defendant argues that plaintiff and the Capoccia firm have commenced an action that is completely without merit in law and cannot be supported by any reasonable argument for an extension, modification or reversal of law. Defendant further argues that the instant action was commenced by the plaintiff primarily to delay and prolong the resolution of underlying collection litigation by Citibank.
In opposition to the motion for sanctions, plaintiff asks the court to impose sanctions on defendant. Plaintiff argues that the motion to dismiss is completely without merit and is founded neither on facts, nor the law, and would have the court infer that defendant’s motion is based upon the fact that defendant is “expressly dissatisfied” that the Capoccia firm has been defending a high volume of cases brought by defendant’s client, Citibank.
Turning to the merits of the motion, the court first notes that 22 NYCRR 130-1.1 provides, in pertinent part, as follows:
“(a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court * * * costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part. In addition to or in *466 lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part * * *
“(c) For purposes of this Part, conduct is frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation * * *
“In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues, (1) the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct; and (2) whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.”
As previously noted, plaintiff alleges that the conduct of the creditor (Citibank) alleged in the complaint violates the FDCPA in that said statute proscribes the collection of any amount “unless such amount is expressly authorized by the agreement creating the debt or permitted by law”. (15 USC § 1692f [1].)
However, in the case at bar, the court finds that the amount due is expressly authorized by the Agreement creating the debt. A review of the Citibank Card Agreement, annexed to defendant’s motion to dismiss as exhibit B, is dispositive in this regard and there is not even an allegation to the contrary. Specifically, in the section entitled “Default”, the Agreement clearly states the following: “You are in default if you fail to pay the minimum payment listed on each billing statement on time, file for bankruptcy, exceed your credit line without our permission, or default on this or any other Citibank Card Agreement you have with us. If you are in default, we may close your account and demand immediate payment of the full balance” (emphasis added).
Nevertheless, plaintiff alleges that, because the account statement from Citibank indicated that the “payment due date” was September 17, 1998, a representation by the defendant that the payment was “due” as of September 10, 1998 is incorrect. However, based upon the clear language contained in the Citibank Card Agreement, the court finds that plaintiff was in *467 default and was subject to a demand for immediate payment as soon as she failed to pay her monthly bill in a timely manner. Furthermore, a review of the account statement dated August 24, 1998 indicates that late charges were assessed for the July billing cycle.
In view of the foregoing, the uncontroverted proof submitted conclusively establishes that plaintiff was in default on the dates in question and that the amount sought by defendant was expressly authorized by the Agreement. Thus, the court finds that plaintiff’s claim is based upon semantics and is a clear attempt to obfuscate the issues. Furthermore, based upon the expertise and knowledge of plaintiff’s counsel in these matters, the court concludes that he knew, or should have known, that the claim was entirely without basis in law or fact and, therefore, that the action was commenced primarily to delay or prolong the resolution of the underlying claim of defendant’s client against plaintiff.
Accordingly, the court finds that commencement of the within action constitutes frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (1), since said conduct was “completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law”. Therefore, the court grants defendant’s motion for sanctions as against plaintiffs attorneys, and hereby imposes sanctions against the Andrew F. Capoccia Law Centers, L. L. C. in the amount of $5,000.
The court finds said amount to be appropriate in view of a number of different factors. First, although this court has not previously addressed the particular issues raised in this action and is unaware of any other courts having done so to date, this court is well aware of the ever-growing list of decisions of courts throughout the State, in which the conclusion has been reached that plaintiffs attorneys herein have engaged in frivolous conduct in raising meritless legal issues in numerous other actions involving claims by creditors against debtors whom he represents.
While the legal system is designed to allow an attorney to raise all issues on behalf of the client necessary to insure a fair determination of a legitimate dispute, it is not intended to permit an attorney to embark on a campaign of continually raising new issues, after previously raised issues have been rejected, without a sincere belief that those issues actually have merit.
Furthermore, although this court continues to carefully review each individual matter submitted in order to determine *468 its merits, it is becoming readily apparent that there is a pattern of conduct by the Capoccia law firm which exhibits a complete disregard for the judicial system, in tying up its limited resources and preventing the system from addressing legitimate disputes, by bombarding it with meritless claims and defenses, apparently as some sort of tactic, the aim of which is to coerce settlement from the adversaries of its clients. Therefore, in determining the amount of the sanction to be awarded, the court has placed substantial weight, not only on the nature of the conduct found to be frivolous, but also on the need for an appropriate deterrent with respect to similar future conduct.
In accordance with the provisions of 22 NYCRR 130-1.3, payment of the $5,000 sanction shall be deposited with the Lawyers’ Fund for Client Protection and, further, shall be paid within 30 days of the date of service of a copy of this order by defendant’s counsel upon plaintiffs counsel, with notice of entry. Funds used for these payments are not to result from any current or additional charge to the plaintiff client. At the time payment is made, an affidavit is to be filed with this court indicating that the sanction has been paid and that the source of the funds used was not that of the client in this proceeding.
With respect to the issue of costs pursuant to 22 NYCRR 130-1.1, the court finds that defendant is also entitled to recover reasonable attorneys’ fees and, accordingly, schedules a hearing for the determination of same to be held on June 11, 1999 at 1:30 p.m.
With regard to defendant’s motion for sanctions against plaintiff herself, the court finds that defendant has failed to demonstrate that plaintiff knew, or should have known, that the commencement of the within action was lacking in legal or factual basis. Accordingly, the court concludes that the imposition of sanctions against her is not warranted.
Based upon the other provisions of this decision and order, the court need not address defendant’s assertions concerning attorney’s fees under 15 USC § 1692k.
Similarly, plaintiffs cross motion to disqualify defendant from acting as its own counsel in this matter has become moot based upon the dismissal of the claim as set forth hereinabove.