# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1136

_____

| | | |
|---|---|---|
| Gregory W. Wilhelm, individually, | * | |
| and on behalf of others similarly | * | |
| situated, as a class, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of North Dakota. |
| | * | |
| Credico, Inc., et al., | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: October 17, 2007
Filed: March 3, 2008

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Gregory Wilhelm's credit card debt was assigned for collection to Pinnacle Credit Services, LLC ("Pinnacle"), and then to Credico, Inc. ("Credico"). Credico sent Wilhelm a "Notice of Lawsuit" letter threatening to sue unless Wilhelm paid $8,808.20, an amount that included a charge of interest on past due interest, which violates North Dakota law. Wilhelm disputed the debt and demanded verification. Recognizing its error, Credico did not sue. Wilhelm then commenced this putative class action in North Dakota state court against Credico and certain employees, seeking actual and statutory damages and attorneys fees for alleged violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq. Wilhelm added Pinnacle as a defendant after Credico removed the case to federal court. The district court granted summary judgment dismissing Wilhelm's various claims. See Wilhelm v. Credico, Inc., 426 F. Supp. 2d 1030, 455 F. Supp. 2d 1006, and 2006 WL 3478986 (D.N.D. 2006). Wilhelm appeals.

In its Separate Answer, Credico admitted that Wilhelm's account showed a total amount owing of $4,644.36 when it was assigned by Pinnacle, consisting of $2,474.07 in original principal and $2,170.29 in past due interest charged by the original creditor. Credico mistakenly recorded the entire $4,644.36 as principal and then added interest at the agreed credit card rate of 20.15% per annum, resulting in the $8,808.20 demanded in the Notice of Lawsuit letter. Wilhelm argues that the district court erred in granting summary judgment on his claims (i) that Pinnacle and Credico violated 15 U.S.C. § 1692e(8) by failing to communicate that the debt was disputed, which resulted in independent credit reporting agencies reporting to Wilhelm that the debt was outstanding but not disputed; (ii) that Credico violated § 1692e(5) by sending an empty threat-to-sue letter; and (iii) that Credico violated § 1692e(5) by attempting to collect interest on interest in violation of North Dakota law. Reviewing the grant of summary judgment de novo and the evidence in the light most favorable to Wilhelm, we affirm in part and reverse in part.

## I. The Failure To Report the Debt as Disputed Claims.

Section 1692e generally prohibits the use of "any false, deceptive, or misleading representation . . . in connection with the collection of any debt" and then enumerates in sixteen subsections specific practices that fall within this prohibition. One subsection provides that a debt collector may not "communicat[e] . . . to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*." 15 U.S.C. § 1692e(8) (emphasis added). In late 2004, before filing this action, Wilhelm obtained

reports from various credit reporting agencies showing that, in December 2003, Pinnacle reported the debt as in collection but not disputed. Wilhelm alleges that Credico violated § 1692e(8) by failing to report his dispute of the debt to Pinnacle, and that Pinnacle violated § 1692e(8) by failing to report the debt as disputed to credit reporting agencies. The claim against Pinnacle was first asserted when Wilhelm moved to amend his complaint on October 3, 2005. The district court concluded that the claim against Pinnacle is barred by the FDCPA's one-year statute of limitations. See 15 U.S.C. § 1692k(d); 455 F. Supp. 2d at 1009. The court dismissed the claim against Credico on the grounds that Credico had no affirmative duty to report the debt as disputed to Pinnacle and that Wilhelm failed to refute an affidavit by a Credico employee averring that he notified Pinnacle when Credico received Wilhelm's letter disputing the debt on December 12, 2003. See 2006 WL 3478986 at *3-*4.

Both claims are premised on Wilhelm's assertion that § 1692e(8) imposed an affirmative duty on Credico and Pinnacle to disclose that he had disputed the debt. He cites no case supporting this contention, and we reject it. Section 1692e generally prohibits "false, deceptive, or misleading representation." Subsection 1692e(8) applies to the "communicating" of "credit information." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which Wilhelm relies -- "including the failure to communicate that a disputed debt is disputed" -- is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the Fair Debt Collection Practices Act:

-3-

1. Disputed debt.  If a debt collector knows that a debt is disputed by the consumer . . . *and reports it to a credit bureau*, he must report it as disputed.

2. Post-report dispute.  *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988)(emphasis added), followed in Black v. Asset Acceptance, LLC, 2005 U.S. Dist. LEXIS 43264 at *12-13 (N.D. Ga. 2005), and in Hilburn v. Encore Receivable Mgmt., Inc., 2007 WL 1200949 at *4 (D. Or. 2007).

Having rejected Wilhelm's affirmative duty contention, we have no difficulty concluding that the district court properly granted summary judgment dismissing these claims.  Wilhelm presented no evidence that Credico communicated any credit information to Pinnacle; the summary judgment record consists only of the affidavit by Credico's employee that Credico immediately reported Wilhelm's disputing of the debt to Pinnacle, which if true defeats the claim.  As for the claim against Pinnacle, Wilhelm did submit evidence that Pinnacle reported credit information to credit reporting agencies in December 2003 without reporting that the debt was disputed.  However, even crediting the Credico employee's affidavit, there is no evidence that these reports were made after Pinnacle learned of the dispute in mid-December.  In any event, a claim based upon Pinnacle reports in December 2003 is clearly time-barred, and Wilhelm conceded at oral argument he presented no evidence that Pinnacle communicated any credit information about Wilhelm to any person within the one-year limitations period.  See Mattson v. U.S. West Commc'ns., Inc., 967 F.2d 259, 261 (8th Cir. 1992).

## II. The Empty Threat To Sue Claim.

The FDCPA bars a debt collector such as Credico from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Wilhelm's amended complaint alleged that Credico violated this provision because its Notice of Lawsuit letter was an empty threat to sue. That letter to Wilhelm began:

> YOU WILL BE SUED - UNLESS YOU MAKE ARRANGEMENTS TO PAY YOUR BILL. THIS LETTER IS NO IDLE THREAT - THE PAPERWORK HAS BEEN ORDERED TO BEGIN A LAWSUIT AGAINST YOU. WE ONLY SEND THIS LETTER TO PEOPLE WE INTEND TO SUE!

He argues that the district court erred in granting summary judgment dismissing this claim because Credico did not sue 101 of the 151 North Dakota residents who received this letter in a nineteen-month period, demonstrating its lack of a firm intent to take this action. Though Credico produced an affidavit by its president averring that Credico only sends the letter "to people we intend to sue," Wilhelm notes that Credico did not produce the "paperwork . . . ordered to begin a lawsuit" referred to in the letter. He also argues that Credico's subjective intent is an issue for the jury.

The FDCPA also provides that a debt collector such as Credico must give a consumer prompt initial notice that the debt will be assumed to be valid unless the consumer disputes its validity within thirty days, and that the debt collector will obtain and provide verification if the debt is disputed. 15 U.S.C. § 1692g(a)(3), (4). If the debt is disputed, the debt collector "shall cease collection of the debt" until verification is obtained. § 1692g(b). Because not all debts can be verified, at least two of our sister circuits have held that debt collectors are not *required* to validate a debt at the consumer's request; they may alternatively "cease all collection activities." Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483 (7th Cir. 1997); accord Smith v.

Transworld Sys., Inc., 953 F.2d 1025, 1031-32 (6th Cir. 1992). Based upon these authorities, and a second affidavit by Credico's president averring that it elected not to sue Wilhelm when he responded to the Notice of Lawsuit letter by disputing the debt and requesting verification, the district court concluded that Wilhelm failed to show a genuine issue of material fact on this issue.

Our primary problem with the district court's analysis is that the record on appeal is devoid of evidence that Credico -- or Pinnacle or the original creditor, for that matter -- ever provided Wilhelm with the initial notice of his right to dispute the debt and request verification that is required by § 1692g(a). Absent compliance with this disclosure provision, a threat to sue is an action "that cannot legally be taken" for purposes of § 1692e(5). We refuse to assume from a silent record that the disclosure was provided. If Credico submitted proof of the disclosure to the district court that it omitted from the record on appeal, then reversal is warranted for its inexcusable carelessness in defending the district court's ruling on appeal.

Even if Credico timely provided the § 1692g(a) disclosure notice to Wilhelm, the Notice of Lawsuit did not disclose that collection activities must cease if he timely disputed the debt and requested validation. Jang and Smith, the cases on which the district court relied, were lawsuits challenging disclosure notices that did not also disclose that collection activities would cease if the consumer requested validation of the debt. By contrast, this case involves a categorical threat to sue made in a letter that failed to disclose that Credico would *not* sue any consumer who timely disputed the debt and requested its validation. That appears to be a threat to take action "that cannot legally be taken" within the meaning of § 1692e(5). A reasonable jury might also find that an unequivocal threat to sue in these circumstances constituted use of a "deceptive means to collect or attempt to collect" a debt that is prohibited by § 1692e(10). See United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 138-39 (4th Cir. 1996); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991); Pipiles v. Credit Bureau of

Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). That question is determined by applying an objective standard based upon the understanding of the "unsophisticated consumer." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). For these reasons, we reverse the grant of summary judgment on this claim.

### III. The Interest-on-Interest Claim.

Wilhelm alleges that Credico violated the FDCPA by attempting to collect a debt computed in violation of the North Dakota statute prohibiting contracts that "provide for the payment of interest on interest overdue." N.D.C.C. § 47-14-09(1). For purposes of this appeal, it is undisputed that the amount demanded in Credico's Notice of Lawsuit letter, $8,808.20, included a demand for payment of interest on past-due interest; that this portion of the asserted debt violated N.D.C.C. § 47-14-09(1); and that threatening to sue to collect a debt computed in violation of state law is prohibited by 15 U.S.C. § 1692e(5). See Picht v. Hawks, 236 F.3d 446, 448 (8th Cir. 2001). The district court nonetheless dismissed this claim, concluding that Credico did not violate the FDCPA because it presented sufficient unrebutted evidence of a statutory affirmative defense -- "that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Wilhelm argues that the court erred in granting summary judgment on this claim because the affidavits submitted by Credico's president did not clearly establish how the error was made and whether Credico's procedures were "reasonably adapted to avoid" that error.

The affidavits by Credico's president averred that Credico was aware of the North Dakota prohibition on charging interest on past-due interest. He explained that when Credico takes over an account from an original creditor or an assignor such as Pinnacle, the employee responsible for setting up the new Credico account is trained to segregate unpaid principal from past-due interest so that Credico will only charge interest on the unpaid principal balance. In this case, however, the former employee

responsible for setting up new accounts for debts assigned by Pinnacle in November 2003 mistakenly failed to break out the unpaid principal from the past-due interest. As a result, the total amount owed by Wilhelm on the day Credico received his account, $4,644.36, was mistakenly recorded as unpaid principal. The affidavits further explained that the error was corrected approximately one month later; therefore, interest on interest was not collected from any North Dakota consumer. Attached to the second affidavit were excerpts from a document describing "Credico's written procedure for electronic listings of new Pinnacle accounts," which included an instruction that "Client Principle" (sic) and "Client interest" be entered on separate lines of the listings.

To establish the bona fide error defense, a debt collector must prove by a preponderance of the evidence that its FDCPA violation was unintentional and was caused by an objectively bona fide error (i.e., one that is plausible and reasonable) made despite the use of procedures reasonably adapted to prevent that specific error. See Johnson v. Riddle, 443 F.3d 723, 728-30 (10th Cir. 2006). In responding to Credico's motion for summary judgment, Wilhelm did not depose Credico's president or any other employee, did not seek to discover the identity of the former clerical employee, and offered no affidavits, depositions, or other evidence disputing Credico's affidavits. Thus, we have no difficulty concluding that Credico's interest-on-interest violation was unintentional and was caused by a bona fide error of a clerical or data entry nature.

That leaves the question whether Credico made a sufficient showing that it employed procedures "reasonably adapted to avoid" the error that occurred. This is a fact-intensive inquiry that few prior cases have addressed. As the district court recognized, it is highly relevant that Wilhelm made no attempt to dispute the facts set forth in affidavits by Credico's highest-ranking official. See Smith, 953 F.2d at 1031; Bible v. Allied Interstate, Inc., 2001 WL 1618494 at *3 (D. Minn. 2001); Howe v. Reader's Digest Ass'n, Inc., 686 F. Supp. 461, 467 (S.D.N.Y. 1988). The affidavits

and supporting documents establish that Credico's employees received specific instructions to segregate principal and interest in setting up the accounts received from Pinnacle so as to avoid charging interest on interest. The procedures were not as elaborate as those in some cases that have upheld a bona fide error defense, but the error to be avoided in this case was not complex. In these circumstances, we agree with the district court that Credico was entitled to summary judgment dismissing this claim because a reasonable jury could only conclude that Credico's procedures were reasonably adapted to avoid such errors. Compare Danielson v. Hicks, 1995 WL 767290 at *3 (D. Minn. 1995); Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 389-90 (D. Del. 1991).

The district court judgment in favor of Pinnacle dated October 5, 2006, is affirmed. The judgment in favor of Credico dated November 30, 2006, is affirmed in part and reversed in part, and the case against Credico is remanded to the district court for further proceedings not inconsistent with this opinion.

_____