**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT REICHERT, an individual,
*Plaintiff-Appellee,*

v.

NATIONAL CREDIT SYSTEMS, INC., a
foreign corporation doing business
in Arizona; JIM NORTH, an
individual; FAYE MILES, an
individual,

*Defendants-Appellants.*

No. 06-15503

D.C. No.
CV-03-01740-RGS

OPINION

Appeal from the United States District Court
for the District of Arizona
Roger G. Strand, District Judge, Presiding

Argued and Submitted
January 16, 2008—San Francisco, California

Filed July 7, 2008

Before: Procter Hug, Jr., Mary M. Schroeder, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Schroeder

**COUNSEL**

Deepak Gupta, Washington, DC, for plaintiff-appellee Robert Reichert.

David J. Kaminski, Los Angeles, California, for defendants-appellants National Credit Systems, Inc., et al.

**OPINION**

SCHROEDER, Circuit Judge:

**Introduction**

This is an action by a debtor against a debt collection agency for statutory damages and attorney's fees in connection with attempts to collect a debt that the debtor owed his former landlord. It requires us to interpret the bona fide error defense provision of the Fair Debt Collection Practices Act ("FDCPA") that we most recently considered in *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006).

The problem with the debt that the debt collection agency tried to collect in this case is that it included, on its face, a $225 fee that the landlord's attorney charged for writing a letter. Under the terms of the residential lease, and consistent with most contracts and leases in Arizona, *see, e.g.*, *Andrews v. Blake*, 69 P.3d 7, 22 & n.15 (Ariz. 2003); *see also Lisa v. Strom*, 904 P.2d 1239, 1242 & n.2 (Ariz. Ct. App. 1995), the landlord was not entitled to collect any attorney's fee unless it was incurred in connection with pursuing successful litigation. The district court granted summary judgment for the debtor, holding that the debt collection agency had violated a provision of the FDCPA, 15 U.S.C. § 1692f(1), and that it had not met its burden of proof for the statutory "bona fide error" defense.

After the district court ruling, and after this appeal was briefed, our court decided *Clark*, which made clear that the FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional. *See* 460 F.3d at 1176 & n.11. The opinion provides that the defendant bears the burden of showing the violation can be excused. *Id.* at 1177. The debt collection agency now contends that under *Clark*, the landlord-creditor's submission of accurate information in the past entitled the agency to rely on the creditor's representations in this case, even though the information was questionable on its face. Alternatively, it contends that it established a bona fide error defense by filing an affidavit stating it relied on adequate procedures it had in place that should have caught the error.

The debtor contends that the provision of accurate information in the past is insufficient to excuse a debt collector from liability under the FDCPA, and that the district court correctly held that the conclusory declaration asserting that it had adequate procedures in place to catch errors was insufficient in this case to qualify the agency for the bona fide error defense. We agree and affirm the district court's summary judgment for the debtor.

## I.  Background

On October 14, 2001, Robert Reichert and his wife entered into a residential lease with La Privada Apartments, LLC ("La Privada"). The lease agreement included a provision entitled "Attorney's Fees," which stated: "In the event of legal action to enforce compliance with this Rental Agreement, the prevailing party may be awarded court costs and reasonable attorney's fees." Reichert terminated the lease before it expired. On September 10, 2002, La Privada notified him that he owed $1,899.20 under the lease agreement.

La Privada assigned the debt to National Credit Systems, Inc. ("NCS") in October 2002 for collection. NCS's first demand letter, dated October 10, 2002, stated that the debt was $1,899.20. In response, on November 10, 2002, Reichert sent NCS a letter disputing the debt and requesting verification of the debt. NCS sent Reichert written verification of the debt on November 20, 2002. The verification stated that the amount owed was $2,124.20 because, at La Privada's direction, NCS had added a $225 charge, along with the handwritten notation "Atty Fee, Letter," to the itemization of charges.

Reichert then filed suit against NCS, alleging that NCS had violated the FDCPA by, among other things, seeking to collect amounts not expressly authorized by the lease (the $225 fee charge) in violation of 15 U.S.C. § 1692f. He moved for summary judgment. NCS also moved for summary judgment, arguing that it had properly relied on La Privada's representation of the debt, or, alternatively, that it had established a bona fide error defense. NCS did not argue that the attorney's fee was authorized by the agreement or permitted by law. Rather, NCS argued that the FDCPA did not impose strict liability and that its violation had been unintentional. The district court proceedings took place before our decision in *Clark*.

The district court granted Reichert's motion for summary judgment, holding that NCS had violated § 1692f(1) by

attempting to collect an amount not authorized by the agreement or permitted by law, regardless of NCS's intent. The court rejected NCS's bona fide error defense because NCS had failed to prove that it maintained procedures reasonably adapted to avoid such an error, as the defense requires. The only evidence of such procedures presented by NCS was the declaration of its general manager, which stated that La Privada had never previously provided incorrect information to NCS, and that NCS had "extensive procedures" in place. The district court awarded damages of $1,000, and attorney's fees of $11,000, to Reichert. NCS appealed.

## II.  Discussion

[1] Under the FDCPA, a debt collector cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The FDCPA makes debt collectors liable for violations that are not knowing or intentional. *See Clark*, 460 F.3d at 1176 & n.11. It provides a "narrow exception to strict liability," however, for bona fide errors. *Id.* at 1177. The statutory bona fide error defense provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). In concluding that the FDCPA imposes strict liability, we reasoned in *Clark* that allowing a debt collector to escape liability for unintentional violations would render the bona fide error defense superfluous. 460 F.3d at 1176.

**[2]** The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). The defense does not protect a debt collector whose reliance on a creditor's representation is unreasonable. *Clark*, 460 F.3d at 1177. The defense requires the defendant to show that it maintains procedures to avoid errors. *Id.* at 1176-77. We have held that a debt collector failed to meet its burden under the defense when it did not produce evidence of "reasonable preventive procedures" aimed at avoiding the errors. *See Fox*, 15 F.3d at 1514.

A case from the Seventh Circuit illustrates the type of evidence of procedures that has been held to be sufficient. In *Jenkins v. Heintz*, that court held that evidence of a debt collector's "elaborate procedures" satisfied the debt collector's burden under the defense. *See* 124 F.3d 824, 834-35 (7th Cir. 1997). The procedures included a requirement that the creditor verify under oath that each charge was accurate, as well as "the publication of an in-house fair debt compliance manual, updated regularly and supplied to each firm employee; training seminars for firm employees collecting consumer debts; and an eight-step, highly detailed pre-litigation review process to ensure accuracy and to review the work of firm employees to avoid violating the Act." *Id.* at 834.

The Tenth Circuit, in *Johnson v. Riddle*, specifically addressed the requirement that the procedures be adapted to avoid the error: "As the text of § 1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained' —*i.e.*, actually employed or implemented—procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." 443 F.3d 723, 729 (10th Cir. 2006). The Eighth Circuit also recently discussed the issue, affirming summary judgment for a debt collection agency based on its showing that its proce-

dures were reasonably adapted to prevent the type of error that occurred there:

> That leaves the question whether Credico made a sufficient showing that it employed procedures "reasonably adapted to avoid" the error that occurred. This is a fact-intensive inquiry that few prior cases have addressed. . . . The affidavits and supporting documents establish that Credico's employees received specific instructions to segregate principal and interest in setting up the accounts received from Pinnacle so as to avoid charging interest on interest. The procedures were not as elaborate as those in some cases that have upheld a bona fide error defense, but the error to be avoided in this case was not complex.

*Wilhelm v. Credico, Inc.*, 519 F.3d 416, 421 (8th Cir. 2008).

NCS concedes that the attorney's fee was not authorized by the lease agreement or permitted under Arizona law, but nevertheless contends that it should escape liability. First, it argues that the creditor's submission of accurate information in the past allowed NCS to rely on the creditor's representations in this case. Urging that this reliance was reasonable, it points to this court's statement in *Clark* that "[l]ogically, if a debt collector reasonably relies on the debt reported by the creditor, the debt collector will not be liable for any errors." 460 F.3d at 1177. Alternatively, NCS contends that its manager's affidavit satisfied the "procedures" requirement of the statutory bona fide error defense.

**[3]** The fact that the creditor provided accurate information in the past cannot, in and of itself, establish that reliance in the present case was reasonable and act as a substitute for the maintenance of adequate procedures to avoid future mistakes. The declaration submitted by NCS said only that the creditor "has never previously given NCS incorrect information." The

fact that the creditor had not made errors in calculating amounts due does not speak to the problem here, the addition of the attorney's fee. NCS did not give reason to justify its reliance on the creditor for the erroneous premise that the attorney's fee could properly be added. As a result, NCS failed to carry its burden of establishing that its reliance upon the creditor was reasonable.

**[4]** When we spoke in *Clark* of the nonliability of a debt collector who "reasonably relies" on the reported debt, we were referring to a reliance on the basis of procedures maintained to avoid mistakes. A debt collector is not entitled under the FDCPA to sit back and wait until a creditor makes a mistake and then institute procedures to prevent a recurrence. To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors, including, but not limited to, errors in calculation and itemization. The latter would include errors in claiming collection expenses of the creditor that could not legitimately be part of the debt owed by the debtor.

**[5]** If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. *See Wilhelm*, 519 F.3d at 421. Only then is the mistake entitled to be treated as one made in good faith. Because NCS submitted only a conclusory declaration stating that it maintained procedures, we hold that it failed to establish a bona fide error defense under the FDCPA.

**AFFIRMED**.