MEMORANDUM *
Arthur Engelen appeals the district court’s grant of defendants’ motion for summary judgment on the issue of Rosen & Loeb’s liability for garnishing Engelen’s wages in violation of the Fair Debt Collection Practices Act (“FDCPA”) and California’s Rosenthal Fair Debt Collection Practices Act (“Rosenthal Act”). Because, as the result of a settlement, the district court dismissed all claims against Erin Capital Management and Eltman Eltman & Cooper, the only issue on appeal is whether the district court erred in concluding that the bona fide error defense shields Rosen & Loeb from liability under the FDCPA and the Rosenthal Act. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
The district court erred by concluding that Rosen & Loeb erroneously garnished Engelen’s wages “notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.” See 15 U.S.C. § 1692k(c). Rosen & Loeb garnished Engelen’s wages after Engelen had already satisfied the debt because its bookkeeper failed to record Engelen’s payment (and those of ten other debtors that day). Construing the evidence in the light most favorable to Engelen, Rosen & Loeb’s pro *709 cedures, which consisted of legal compliance training, a written policy describing how payment notifications were to be handled, and periodic spot-checking of the bookkeeper’s work, were not, as a matter of law, “reasonable preventive procedures aimed at avoiding the errors.” Reichert v. Nat’l Credit Sys., 531 F.3d 1002, 1006 (9th Cir.2008) (internal quotation marks omitted); Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1514 (9th Cir.1994).
Besides the periodic spot-cheeking, none of Rosen & Loeb’s procedures were aimed at preventing wrongful wage garnishments caused by the bookkeeper’s failure to record payment information. And even the periodic spot-checking did not consistently reduce the likelihood of recording errors. Spot-checking, by definition, examines only a small sample of a larger group for errors, and here even that practice was periodic. In other words, sometimes — perhaps once a week or once a month, we do not know — Lori Chertok inspected a small percentage of the bookkeeper’s total entries for mistakes. This form of occasional spot-checking is not among the types of “processes that have mechanical or other such ‘regularly orderly* steps to avoid mistakes .... ” Jerman v. Carlisle, 559 U.S. 573, 587, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010). The dissent emphasizes that, to Alan Rosen’s knowledge, this is the only instance in twenty years where Rosen & Loeb’s procedures failed. But because the record shows that ten other recording errors occurred on the same day as the error that affected Engelen and we are to construe all reasonable inferences in Engelen’s favor, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), we cannot fairly infer from the record evidence that no other errors have occurred in the past twenty years.
Furthermore, Rosen & Loeb presented no evidence of any regular redundancies designed to catch human recording errors. Nor did Rosen & Loeb contact the debtor, Erin Capital, or the court before taking the serious steps of filing a Writ of Execution and garnishing Engelen’s wages. The bona fide error defense is a “narrow exception to strict liability under the FDCPA,” so defendants bear the burden of proof at summary judgment. Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1177 (9th Cir.2006). The dissent’s citation to Smith v. Transworld Systems, Inc., 953 F.2d 1025 (6th Cir.1992), is inapposite. There, the inquiry was limited to whether the debt collector’s procedures were “reasonably adapted” to prevent mailing a collection letter that incorrectly calculated, by $10, the amount owed. Id. at 1031-32. In contrast, here we are asked to evaluate whether Rosen & Loeb’s entire set of procedures was “reasonably adapted” to avoid erroneously garnishing Engelen’s wages. Because Rosen & Loeb failed to meet its burden of proof as to its entire set of procedures under the bona fide error defense, it was not entitled to summary judgment. The evidence presented is such that “a reasonable jury could return a verdict” for Engelen. Anderson, 477 U.S. at 248, 106 S.Ct. 2505.
Because negligence was pled against only Erin Capital, Engelen’s negligence claim is moot. See Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1132 (9th Cir.2005).[1]
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We deny Engelen’s request for judicial notice of all documents included in the district court's docket. Because the documents filed in the district court are already part of the record, see Fed. R.App. P. 10, the request is superfluous.