NOT FOR PUBLICATION

# FILED

UNITED STATES COURT OF APPEALS

FEB 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAUREN CUMMINGS,

Plaintiff-Appellant,

v.

JABURG & WILK PC,

Defendant-Appellee.

No.    17-15521

D.C. No. 2:15-cv-02005-SMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted February 12, 2018[**]
San Francisco, California

Before:  KLEINFELD and TALLMAN, Circuit Judges, and JACK,[***] District
Judge.

Lauren Cummings appeals from the District Court's grant of summary

judgment in favor of Jaburg & Wilk PC ("JWPC"), a debt collection law firm, and

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

denial of her motion for judgment on the pleadings[1] on her Fair Debt Collection Practices Act ("FDCPA") claims under 15 U.S.C. §§ 1692e and 1692f. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1. JWPC did not provide a false, deceptive, or misleading representation under 15 U.S.C. § 1692e when it inadvertently understated the amount Cummings owed by $20 in its state court complaint. The failure to include a $20 late charge in an auto financing debt totaling over $9,000 is not material, *cf. Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 777 (9th Cir. 2017) ("$3,000 overstatement of the principal due in the state court complaint, exacerbated by the statement of an inflated interest rate, was material."), and the alleged "misrepresentation" did not undermine Cummings' "ability to intelligently choose . . . her response" to the complaint, *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). Accordingly, the district court did not err in granting summary judgment on her § 1692e claims.

2. Nor did JWPC's application for $266.50 in attorneys' fees to amend its state court complaint to include the $20 late fee violate 15 U.S.C. § 1692f, notwithstanding JWPC's own mistake. "Under the FDCPA, a debt collector cannot collect 'any amount (including any interest, fee, charge, or expense

---

[1] Cummings appeals both the grant of JWPC's motion for summary judgment and the denial of her motion for judgment on the pleadings. Cummings's arguments apply to both rulings and accordingly, the arguments are addressed together below.

incidental to the principal obligation) unless such amount is *expressly authorized by the agreement creating the debt or permitted by law*.'"  *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008) (quoting 15 U.S.C. § 1692f(1)) (emphasis added).  Here, Cummings admits she agreed to pay "reasonable" attorneys' fees.  Because JWPC's request for attorneys' fees was reasonable in relation to the litigation and authorized under Ariz. Rev. Stat. § 12-341.01, we affirm the district court's dismissal.  *See Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796, 808 (N.D. Cal. 2008) ("Given that Defendants were entitled to attorney's fees, the request for such fees would not be unfair or unconscionable to the least sophisticated debtor.").

Costs are awarded to Defendant-Appellee.

**AFFIRMED.**