NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH FANGSRUD VON ESCH; RENNY FANGSRUD VON ESCH, Plaintiffs-Appellants, v. LEGACY SALMON CREEK HOSPITAL, a Washington company; ASSET SYSTEMS, INC., DBA Asset Systems, pursuant to Washington UBI No. 601474356, Asset Systems, Inc., Defendants-Appellees. | No. 17-35659 D.C. No. 3:16-cv-05842-RBL MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted August 30, 2018
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

Plaintiffs-Appellants Joseph and Renny Fansgrud Von Esch appeal from the

district court's grant of summary judgment in favor of Defendants-Appellees

Legacy Salmon Creek Hospital and Asset Systems, Inc. and denial of Plaintiffs'

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

request for leave to amend to add another claim. We affirm in part, reverse in part, and remand.

Due to an error, Legacy sent Plaintiffs a medical bill for more than was owed. In the following months, Legacy sent another bill reflecting the same erroneous amount, and left phone messages regarding the bill. Plaintiffs did not respond. Legacy transferred the account to debt collector Asset. About two years later, Asset mailed Plaintiffs a demand for the erroneous amount due. Plaintiffs disputed the debt, but Asset continued its attempts to collect until Legacy asked it to close the account eight months later.

1. The district court did not err in granting summary judgment to Legacy on Plaintiffs' Washington Consumer Protection Act, Wash. Rev. Code § 19.86, claim. An act or practice is not unfair under Washington law if the consumer can avoid the injury. *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 368 (Wash. Ct. App. 2017). Here, Plaintiffs knew the bill was in error when they received it from Legacy, and Legacy provided a toll-free number to call with billing questions. Plaintiffs took no action until two years later when they received the bill from Asset.

2. The district court erred in granting summary judgment to Asset on Plaintiffs' federal Fair Debt Collection Practices Act claim. One could reasonably determine that Asset violated 15 U.S.C. § 1692e when it attempted to collect more

2

than what was owed, continued to do so after Plaintiffs and their attorney told Asset about the error, and despite having been told of the billing error, improperly threatened a lawsuit without adequate inquiry. *See Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 777 (9th Cir. 2017); *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063–4 n.6 (9th Cir. 2011). On this record, Asset cannot establish as a matter of law a bona fide error defense. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011); *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1007 (9th Cir. 2008).

3. The district court erred in granting summary judgment to Asset on Plaintiffs' Washington Consumer Protection Act claim. A jury could determine that Asset's attempts to collect the erroneous amount and threat of a lawsuit violated the Act. *See, e.g.*, *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 897–98 (Wash. 2009).

4. The district did not abuse its discretion in denying leave to amend to add a claim against Legacy for "outrage" under Washington law. We agree that such amendment would be futile. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018); *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003).

AFFIRMED in part, REVERSED in part, and remanded. Each party shall bear its own costs on appeal.