
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS WEINSTEIN,

Plaintiff-Appellee,

v.

MANDARICH LAW GROUP, LLP,

Defendant-Appellant.

No.    19-35130

D.C. No. 2:17-cv-01897-RSM

MEMORANDUM<sup>*</sup>

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and submitted on December 10, 2019
Seattle, Washington

Before:  McKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,<sup>**</sup> District
Judge.

Mandarich Law Group appeals the district court's order granting

Weinstein's motion for partial summary judgment, and subsequent verdict in

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.


\*\*        The Honorable M. Douglas Harpool, United States District Judge for
the Western District of Missouri, sitting by designation.

Weinstein's favor, on his claims brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Washington Collection Agency Act ("WCAA"). Mandarich also appeals the district court's denial of Mandarich's motion to deem three requests for admission ("RFA") admitted. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.[1]

We review de novo an order granting summary judgment. *Herrera v. Command Sec. Corp*., 837 F.3d 979, 984 (9th Cir. 2016). We may affirm the decision on any basis supported in the record. *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1030 (9th Cir. 2004). Where, as here, the parties have both filed summary judgment motions, this court considers each party's evidence to evaluate whether summary judgment was appropriate. *Herrera*, 837 F.3d at 985.

1. Mandarich argues the district court abused its discretion by denying its motion to deem certain RFAs admitted. We review this ruling for abuse of discretion. *See Asea, Inc. v. S. Pac. Transp. Co*., 669 F.2d 1242, 1247 (9th Cir. 1981). Assuming without deciding that the district court abused its discretion in

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to resolve this appeal.

denying the motion, Mandarich failed to show how it was prejudiced.  Any error was harmless.  *See* 28 U.S.C. § 2111.

2.  Mandarich contends that the statute of limitations barred Weinstein's FDCPA claims.  The FDCPA's statute of limitations requires claims to be made "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  If the facts are not in dispute, we review statute of limitations decisions de novo.  *Herrera*, 837 F.3d at 985.

Mandarich argues that *Rotkiske v. Klemm*, No. 18-328, 2019 WL 6703563 (U.S. Dec. 10, 2019), controls because the district court relied in part on the discovery rule to determine that Weinstein's FDCPA claims were timely.  But the district court also concluded that Weinstein's FDCPA claims were timely because he filed this action within one year of his wages being garnished.

Weinstein's complaint alleged that Mandarich violated the prohibition against "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The district court did not err by concluding that Mandarich violated § 1692f when it garnished Weinstein's wages pursuant to a default judgment that Mandarich admits it secured while Weinstein was in the process of making payments according to the parties' oral agreement.  The default judgment did not credit Weinstein's prior payments or provide the required notice under

3

Washington Civil Rules 55(a)(3) and 55(f)(1), (2). *See generally Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1517 (9th Cir. 1994) (noting that the FDCPA provisions "include[] a non-exhaustive list of examples of proscribed conduct").[2] Mandarich also violated § 1692f when it initiated a second garnishment of Weinstein's wages. Because the wage garnishments constituted FDCPA violations that occurred within one year after the complaint was filed, the FDCPA's statute of limitations did not bar Weinstein's claims.

3. Mandarich also contends that Weinstein's claims are barred by res judicata. The district court did not abuse its discretion by concluding that Mandarich waived this affirmative defense by failing to include it in its answer. *See* Fed. R. Civ. P. 8(c)(1), 12(b). On the merits, Mandarich cites no authority supporting its argument that res judicata applies where a debt collector fails to provide notice to the debtor of an ongoing state court action.[3] The case law Mandarich does cite is distinguishable.

---

[2] Mandarich argues that Weinstein waived his FDCPA claim based on the wage garnishments because he did not raise this issue before the district court. But Weinstein's complaint asserted that the garnishments violated the FDCPA, as did his response to Mandarich's motion for summary judgment.

[3] Mandarich has been admonished by Washington state courts for its "pattern of . . . failing to comply with the local rules regarding motions for default." *Cach, LLC v. Kasahara*, No. 15-2-16887-8 (Wash. Supp. Ct., Feb. 8, 2016).

4. Mandarich argues the district court erred by rejecting its bona fide error defense. The bona fide error defense is a "narrow exception" to strict liability under the FDCPA. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008) (quoting *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006)). To establish a bona fide error defense, the debt collector must prove that: "(1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011); *see also* 15 U.S.C. § 1692k(c).

The district court did not err by concluding that Mandarich did not adequately support its bona fide error defense. Mandarich contends that its computer system, which "automatically populate[s]" payments that have been made, is a procedure adapted to avoid errors in default judgments, but failed to explain how this procedure was "adapted to avoid the error." *Reichert*, 531 F.3d at 1007.

5. Mandarich argues that Weinstein failed to satisfy the economic injury element of his state law claim brought pursuant to RCW § 19.16.250(21). A WCAA violation is enforced through Washington's Consumer Protection Act ("WCPA") (RCW 19.86 *et seq.*), and violations of the WCAA are per se violations

5

of the state consumer protection law.  *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 897 (Wash. 2009) (en banc).

The district court concluded that Weinstein was entitled to the amount Mandarich garnished ($1,468.94) as actual damages.  But from the record available, it appears Weinstein still owed $1,070.63 on the principal at the time of the first garnishment.  The district court did not make a finding regarding whether Mandarich was entitled to interest or expenses in addition to the principal, but the record does not support the district court's finding that the entire garnishment constituted actual damages.

We vacate the damages awarded on the WCAA claim, including the district court's award of trebled damages ($4,935.63), and remand for recalculation of damages.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**