**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERCEDES URBINA, | No. 19-16055 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00385-WGC |
| v. | |
| NATIONAL BUSINESS FACTORS INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
William G. Cobb, Magistrate Judge, Presiding

Submitted August 12, 2020**
San Francisco, California

Before: TASHIMA and CHRISTEN, Circuit Judges, and BATAILLON,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

Mercedes Urbina appeals the district court's order granting summary judgment for National Business Factors, Inc. (NBF), a debt collector. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. Because the parties are familiar with the facts, we recite them only as necessary to resolve the issues on appeal.

The district court granted summary judgment for NBF because it concluded that NBF qualified for the bona fide error defense. To assert a bona fide error defense, the debt collector must prove that: (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (citing 15 U.S.C. § 1692k(c)).

The parties do not dispute that NBF unintentionally violated the FDCPA when it calculated interest on Urbina's debt owed to the Tahoe Fracture Clinic (TFC). At issue here is whether NBF maintained procedures reasonably adapted to avoid this violation. Reviewing de novo, *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017), we conclude that it did not.

TFC contracted NBF for debt collection services in 2014. Under TFC and NBF's exclusive agreement, NBF could add interest charges on unpaid collections

2

at the statutorily allowed rate.  The agreement required TFC to refer outstanding debts to NBF for collection "with only accurate data and that the balances reflect legitimate, enforceable obligations of the consumer."

NBF argues that this procedure was reasonably adapted to avoid violations of the FDCPA.  We disagree.  "To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors, including, but not limited to, errors in calculation and itemization."  *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) (no defense for debt collector "whose reliance on the creditor's representation is unreasonable").

The district court erred by concluding as a matter of law that the boilerplate agreement between TFC and NBF was sufficient to establish a bona fide error defense.  This procedure effectively outsourced NBF's statutory duty under the FDCPA.  If this practice were sufficient, the FDCPA would be a dead letter.  Even if NBF could show that TFC has a sterling history of providing accurate information, we have previously rejected unquestioned reliance on a creditor's information as a bona fide defense.  *Reichert*, 531 F.3d at 1007 (holding that a history of providing reliable information cannot "establish that reliance in the

present case was reasonable and act as a substitute for the *maintenance* of adequate procedures to avoid future mistakes") (emphasis added).

In *Reichert*, we described several examples of procedures that may qualify for the bona fide error defense. 531 F.3d at 1006 (quoting *Jenkins v. Heintz*, 124 F.3d 824, 834–35 (7th Cir. 1997)). NBF's agreement with TFC is significantly more lax. TFC's 2014 promise to provide "accurate data," made before a single debt was reported by TFC to NBF, and four years before the operative facts of this case occurred, is not a reasonable procedure.

The district court relied on *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 996 (7th Cir. 2003). We are not bound by *Turner* and find it unpersuasive. *Turner* mentioned in passing that an agreement to provide reliable information *might* allow a debt collector to show bona fide error. *Id.* But there was no boilerplate agreement between the parties in *Turner*, and on remand, the district court concluded that relying on creditor-clients to provide accurate information does not suffice to establish a bona fide error defense. *Turner v. J.V.D.B. & Assocs., Inc.*, 318 F. Supp. 2d 681, 686–87 (N.D. Ill. 2004).

NBF also mailed Urbina a collection notice with incorrect interest calculations only a day after receiving the file, but this procedure did not allow

4

time to receive a response to the authentication letter, and therefore fails to qualify as a procedure reasonably adapted to avoid the violation.  Appellee to bear costs.

**REVERSED AND REMANDED.**