NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRISHA SPRAYBERRY, | No. 21-36000 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00111-SB |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

| | |
|---|---|
| TRISHA SPRAYBERRY, | No. 21-36001 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00112-SB |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted June 14, 2023
Portland, Oregon

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: TALLMAN, RAWLINSON, and SUNG, Circuit Judges.
Concurrence by Judge SUNG.

Trisha Sprayberry brought two putative class-action lawsuits—which we consolidated for purposes of oral argument—against Portfolio Recovery Associates, LLC (PRA) for violating the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. Sprayberry incurred debt on two store-branded credit cards, one for Target (No. 21-36000) and one for Walmart (No. 21-36001). After Sprayberry stopped making payments, PRA bought her debt from the banks which had extended her credit under those credit card agreements. Starting in January 2016, PRA sent Sprayberry two sets of collection letters. Sprayberry contends that by the time PRA sent the first letters, the debts were time-barred under Oregon's four-year statute of limitations for the sale of goods. *See* OR. REV. STAT. § 72.7250(1). Sprayberry argues the collection letters violated the FDCPA because they failed to disclose the debts were time-barred.

PRA moved for summary judgment, contending that, because a six-year statute of limitation applies for claims for an "account stated" under Oregon law, its collection letters were sent within the statute of limitations. Alternatively, PRA argued it was entitled to summary judgment because it had conclusively met the elements of the "bona fide error" exception to FDCPA liability. *See* 15 U.S.C. § 1692k(c). The district court held that the bona fide error defense applied and granted summary judgment to PRA. Sprayberry now appeals. We have jurisdiction under

2

28 U.S.C. § 1291, and we affirm.

We need not consider whether Sprayberry's debts were time-barred under Oregon law because, even if they were, the district court correctly held that PRA is entitled to summary judgment on the bona fide error defense. Our court recently held that "mistakes about the time-barred status of a debt can be bona fide errors" for purposes of the FDCPA. *Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127, 1140 (9th Cir. 2021). And the undisputed facts in the record establish that PRA has "show[n] by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *see also Urbina v. Nat'l Bus. Factors Inc.*, 979 F.3d 758, 763 (9th Cir. 2020) (setting out the elements of a bona fide error defense).

We reject Sprayberry's argument that PRA's violation was "intentional." Sprayberry contends it is not enough for PRA to show it did not intend to violate the law—it must also show the underlying acts were unintentional. But as Sprayberry seemingly recognizes, such a rule is in direct conflict with *Kaiser*, where we noted that by "reliev[ing] liability for certain 'unintentional' violations," of the FDCPA, the bona fide error defense "function[s] similarly to a mens rea requirement." 989 F.3d at 1139. The testimony of PRA's legal counsel for Oregon establishes that he was subjectively unaware of the possibility that a four-year statute of limitations

3

could apply to store-branded credit card accounts, and Sprayberry points to no evidence contradicting his testimony. There is therefore no genuine dispute about the fact that PRA did not intentionally violate the FDCPA.

We also disagree with Sprayberry's claim that PRA failed to maintain procedures reasonably adapted to avoid a statute of limitations error. As the district court recognized, PRA's counsel testified that he reviewed and analyzed statutes and case law in Oregon to determine that a six-year statute of limitations applied in 2012, that his analysis "would have gone through compliance and general counsel" departments to double-check his research, and that PRA has a "systematic approach" in place to determine whether the law regarding a statute of limitations had changed over time. PRA also requires all employees to undergo regular compliance training regarding statute of limitations issues and does not file collection lawsuits on accounts that are within 90 days of expiration. These procedures were reasonably adapted to avoid a statute of limitations error. *See Urbina*, 979 at 763 (describing procedures that allowed a debt collector to successfully invoke the bona fide error defense).

PRA was under no obligation to show it had considered Sprayberry's specific legal theory that store-branded credit card agreements are contracts for the sale of goods. "To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid

4

*discoverable* errors." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008) (emphasis added). As of January 2016, no court *anywhere*—much less in Oregon—had held in a published opinion that a store-branded credit card agreement qualifies as a contract for the sale of goods. Sprayberry points to *Gray v. Suttell & Associates*, 123 F. Supp. 3d 1283 (E.D. Wash. 2015), but while the *Gray* court observed that in "limited circumstances" store-branded credit cards agreements "may" be considered a contract for the sale of goods, *id.* at 1291, it ultimately granted summary judgment on other grounds, *see id.* at 1293-94, 1299. Like the district court, we "cannot point to any additional research or analysis PRA could have performed or any additional resources it could have invested to determine which statute of limitations applied."

Indeed, the legal question remains unresolved under Oregon law. Sprayberry cannot show as a matter of fact that PRA even erred in concluding that the six-year statute applied. As the district court properly noted, "the applicable statute of limitations is . . . an unsettled question under Oregon law."

**AFFIRMED.**

5

*Sprayberry v. Portfolio Recovery Associates*, No. 21-36000 & No. 21-36001

SUNG, Circuit Judge, concurring:

I agree with the majority that the district court's decision should be affirmed, but I write separately to explain how I reach that conclusion differently. In my opinion, the district court erred in granting summary judgment to PRA pursuant to the "bona fide error" defense. Even so, because it is reasonably predictable that the Oregon Supreme Court would apply a six-year statute of limitations to PRA's debt collection claims against Sprayberry, I would affirm the district court's grant of summary judgment on that basis.

I agree with the majority that PRA's violation was not intentional. I am not convinced, however, that PRA carried its burden with respect to the bona fide error defense. The bona fide error defense is an affirmative defense, and the debt collector has the burden of proof. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008). The debt collector must show by a preponderance of the evidence that it maintained and actually implemented "procedures reasonably adapted to avoid any such error." *Id.*; 15 U.S.C. § 1692k(c). The bona fide error defense typically arises when a debt collector makes a mistake of fact, not a mistake of state law that is treated as a mistake of fact. We only recently held that a mistake of state law can be treated as a mistake of fact, so there are not any Ninth Circuit cases that apply the bona fide error affirmative defense to a mistake of state

law. *See Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127, 1140 (9th Cir. 2021).

The best guidance for applying the bona fide error defense to a mistake of law is *Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006). In *Johnson v. Riddle*, the Tenth Circuit applied the same rigorous standard that we apply to conventional mistakes of fact and held that the defendant was not entitled to the bona fide error defense as a matter of law. *Id.* at 730. Even though the defendant's attorney conducted some legal research, the court denied summary judgment because a reasonable trier of fact could find that the procedures were not rigorous enough to avoid liability under the FDCPA. *Id.*

Applying the bona fide error standard here, I conclude that PRA did not meet its burden of showing that it maintained "procedures reasonably adapted to avoid" state statute of limitations errors like the one alleged here. 15 U.S.C. § 1692k(c). PRA's counsel only broadly asserted that his analysis "would have gone through compliance and general counsel" and that PRA has a "systematic approach" to determining whether the applicable statutes of limitations change over time. PRA's counsel provided no evidence of his legal research nor any details of the procedures used for either reviewing or updating his research on state statutes of limitations. PRA also did not provide any evidence that it actually implements the asserted review procedure. Such conclusory assertions do not suffice to establish the bona fide error defense. *See Reichert*, 531 F.3d at 1007 ("If

2

the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect.").

Even though I conclude PRA is not entitled to the "bona fide error" defense as a matter of law, I would affirm the district court's grant of summary judgment on the alternate ground that it is reasonably predictable that the Oregon Supreme Court would apply the six-year statute of limitations to PRA's debt collection claims against Sprayberry. In mixed transactions, Oregon courts analyze which aspect of the transaction the legal claim is most closely related to. *Chaney v. Fields Chevrolet Co.*, 264 Or. 21, 25 (1972). Here, PRA's debt collection actions against Sprayberry are more closely related to Sprayberry's credit agreements with third-party financers than to Sprayberry's use of that credit to purchase goods at the retail stores themselves. Furthermore, because we recognize "Oregon's preference for interstate uniformity when interpreting the U.C.C.," *Kaiser*, 989 F.3d at 1133, it is unlikely that Oregon would join the only other state to adopt Sprayberry's view. *See Midland Funding, LLC v. Thiel*, 144 A.3d 72 (N.J. Super. Ct. App. Div. 2016). I therefore would affirm the district court on the ground that the six-year statute of limitations applies to PRA's claims against Sprayberry.