**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER WATSON, | No. 24-916 |
| Plaintiff - Appellant, | D.C. No. 1:21-cv-01662-CL |
| v. | |
| HORNECKER COWLING HASSEN & HEYSELL, LLP, an Oregon Limited Liability Partnership, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon

Mark D. Clarke, Magistrate Judge, Presiding

Submitted October 23, 2025**
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

Christopher Watson appeals from the district court's summary judgment in

favor of Hornecker Cowling Hassen & Heysell, LLP ("Hornecker Cowling").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Watson sued Hornecker Cowling after it tried to collect a debt Watson owed on a used car. Watson claimed that Hornecker Cowling's collection letter and collection suit violated the Fair Debt Collection Practices Act ("FDCPA"), the Oregon Unlawful Debt Collection Practices Act, and the Oregon Unlawful Trade Practices Act. We have jurisdiction under 8 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 127 F.4th 784, 789 (9th Cir. 2025). We affirm.

The panel need not decide whether Hornecker Cowling violated the FDCPA because, even if it did, the bona fide error defense applies. The bona fide error defense applies where a "debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The defense has three factors: "(1) [the debt collector] violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid the violation." *Urbina v. Nat'l Bus. Factors, Inc.*, 979 F.3d 758, 763 (9th Cir. 2020). Before the district court, Watson argued that the defense did not apply only because Hornecker Cowling had not satisfied the third factor.

2

Accordingly, we assume without deciding that Hornecker Cowling satisfied the defense's first two factors and limit our analysis to the third factor. *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 688 (9th Cir. 2024) (noting that we generally do not consider arguments raised for the first time on appeal).

Hornecker Cowling maintained sufficient procedures to avoid overstating debts. Before Hornecker Cowling sent the collection letter, it followed its usual procedure of reviewing documents to substantiate the debt. It reviewed an accounting ledger provided by the used car dealer who sold Watson the car. It also reviewed Watson's signed and initialed contract in which he agreed to certain payment amounts, interest rates, and late fees if he defaulted. Each charge in the accounting ledger corresponded with a term in Watson's contract. Although "the bona fide error defense does not shield debt collectors who unreasonably rely on creditors' representations," *Urbina*, 979 F.3d at 763 (citing *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006)), Hornecker Cowling did not merely rely on *the dealer's* representations: it also relied on *Watson's* representations because Watson signed each part of the contract authorizing the accounting ledger's charges. That distinguishes this case from cases where this Court has not applied the bona fide error defense. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 945–49 (9th Cir. 2011) (declining to

3

apply the defense where a lawyer made no inquiry into the legal status of the debt and ignored information in an electronic file indicating that the debt was unrecoverable); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1004–06 (9th Cir. 2008) (declining to apply the defense where a collection letter added a fee that was not authorized by the debtor's lease or state law).

Hornecker Cowling obtained additional verification of the debt before filing the collection suit because Watson never disputed the debt after receiving a letter from the firm specifying the components of the debt that invited a response if Watson found it inaccurate, and the dealer provided an affidavit verifying the debt. *Cf. McCollough*, 637 F.3d at 948–49 (finding a debt collector unreasonably relied on another collector's assertion that a collection suit was timely because the debtor informed the debt collector that the debt was time-barred); *Reichert*, 531 F.3d at 1006 (9th Cir. 2008) (noting that a "requirement that the creditor verify under oath that each charge was accurate," when combined with other procedures, illustrates the types of procedures deemed sufficient for the defense (citing *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997))); *Urbina*, 979 F.3d at 765 (noting that sending follow-up requests to creditors to verify the debt before a collection attempt may be a sufficient practice for the bona fide error defense).

We decline to address Watson's state law claims because he waived them.

4

*Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

**AFFIRMED.**